# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SMOKEY DAVIDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-658-GKF-TLW |
| | ) |
| CITY OF OWASSO, | ) |
| JAROD MITCHELL, and | ) |
| BOBBY SORDO | ) |
| | ) |
| Defendants, | ) |

## ORDER AND OPINION

Before the Court is Defendants' Motion for Sanctions for Plaintiff's Failure to Attend His Own Deposition. (Dkt. 14). Defendants filed the motion pursuant to Federal Rule of Civil Procedure 37(d), seeking dismissal of the case with prejudice, attorney fees in the amount of $2,817.50, and $125.00 in costs. (Dkt. 14). Plaintiff has filed a response. (Dkt. 18).

Federal Rule of Civil Procedure 37(d)(1)(A)(i) does permit a party to seek sanctions for a party's failure to attend his own deposition; however, that motion must also include "a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Although this requirement could be interpreted as applying only to Rule 33 and 34, see, e.g., Comments to Rule 37(d), this Court's local rule is clear:

> With respect to all motions or objections relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, this Court shall refuse to hear any such motion or objection unless counsel for movant first advises the Court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord.

N.D. LCvR. 37.1. The Court has reviewed the motion and exhibits, including the affidavit from defendants' counsel, and cannot find any statement certifying that the parties have met and conferred in an attempt to resolve this issue.[1]

For this reason, the Court **DENIES** defendants' motion for sanctions (dkt. 14) **without prejudice**. If the dispute persists after the parties have <u>personally</u> met and conferred, the Court will entertain a new motion for sanctions to be filed no earlier than December 5, 2014.

The hearing scheduled for December 3, 2014 is stricken.

So **ORDERED** this 26th day of November 2014.

_____
T. Lane Wilson
United States Magistrate Judge

---

[1] The rules permit sanctions that impact the course of litigation, up to and including dismissal, but the only required sanction under the rule is the payment of **reasonable** fees and costs. See Fed. R. Civ. P. 37(b)(2)(A)(i) – (vi); 37(d)(1)(B). The Court does note that plaintiff has, in his response, offered to sit for the deposition outside of the discovery cutoff. (Dkt. 18). If defendants accepted this offer, defendants' counsel would be largely prepared to take plaintiff's deposition, based on the time spent preparing for the originally scheduled deposition. Accordingly, plaintiff's request for $2,817.50 would likely be reduced to an amount that would compensate defendant for 1.5 to 2 hours of attorney time were the Court to grant a reasonable fee, but costs in the amount of $125 for the court reporter would be considered reasonable.